# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. SOUZA, | Case No. 1:26-cv-01910-EPG-HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO STAY AND STAYING PROCEEDINGS |
| v. | |
| BRAD MACOMBER, | (ECF No. 2) |
| Respondent. | |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 9, 2026, Petitioner filed a petition for writ of habeas corpus and a motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), because the petition is completely unexhausted. (ECF Nos. 1, 2.) Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

**A. Good Cause**

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the

impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.

Petitioner explains that his lead appellate counsel "failed to identify and raise the Sixth Amendment sentencing error on direct appeal" and "passed away in or about April 2024, before the Court of Appeal issued its opinion" and counsel who substituted in following the death "did not become aware of the sentencing issues until after the Court of Appeal had issued its opinion and remittitur." (ECF No. 2 at 3.[1]) Petitioner argues that "the failure to exhaust is directly attributable to appellate counsel's inadvertent omission of" Petitioner's Sixth Amendment sentencing claim "compounded by the death of lead counsel during the pendency of the appeal." (Id. at 4.) The Ninth Circuit has "specifically held 'that "ignorance or inadvertence" on the part of a petitioner's post-conviction counsel' is good cause for a stay and abeyance under *Rhines*." Doerr v. Shinn, 127 F.4th 1162, 1174 (9th Cir. 2025) (quoting Dixon, 847 F.3d at 720–21). Accordingly, the Court finds Court finds that Petitioner has satisfied Rhines's good cause requirement.

**B. Potentially Meritorious Unexhausted Claims**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Dixon, 847 F.3d at 722 (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

Petitioner's petition is fully unexhausted and raises the following claims for relief: (1) the trial court violated Petitioner's Sixth and Fourteenth amendment rights by imposing the middle term based on judicial fact-finding after finding California Penal Code section 1170(b)(6)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

applicable; and (2) ineffective assistance of appellate counsel for failure to raise the Sixth Amendment sentencing error on direct appeal. (ECF No. 1 at 6–10.) It is not perfectly clear Petitioner has no hope of prevailing on his unexhausted claims, and at least one of Petitioner's unexhausted claims appears on its face to not be "plainly meritless." As set forth in the petition, the trial court "expressly invoked *People v. Black* (2007) 41 Cal.4th 799, as authority for judicial fact-finding of aggravating circumstances" and the "California Supreme Court has since abrogated the *Black* framework entirely in *People v. Lynch* (2024) 16 Cal.5th 730[.]" (ECF No. 1 at 8.) Lynch found that the "2022 version of section 1170(b)" "does not follow the blueprint provided in *Black II*" and that the current "statutory language, informed by the context in which it was passed, demonstrates the Legislature's intent to conform with *Cunningham*'s interpretation of the Sixth Amendment, rather than create a purely state law right." People v. Lynch, 16 Cal. 5th 730, 759, 760, 768 (2024).

### C. Conclusion

Here, Petitioner has established "good cause" for his failure to exhaust, and at least one of his unexhausted claims appears on its face to not be "plainly meritless." Finally, there is no indication in the record before the Court that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the Court finds that a stay is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A] motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting

S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Cf. Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting that while "[i]t should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely," and observing that "the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome").

Given that granting a stay in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant Petitioner's motion to stay.

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 2) is GRANTED;

2. The proceedings are STAYED pending exhaustion of state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order and every ninety (90) days thereafter; and

4. Within thirty (30) days following the final order of the state courts, Petitioner shall notify the Court that the unexhausted claims have been exhausted and request that the stay be lifted and the case proceed.

Petitioner is forewarned that failure to comply with this order will result in the Court vacating the stay.

IT IS SO ORDERED.

Dated:    **April 27, 2026**                    /s/ _Erica P. Grosjean_
                                                 UNITED STATES MAGISTRATE JUDGE

4